I disagree with that portion of the majority opinion which allows defendant-employer a credit against workers compensation benefits owed to plaintiff for monies paid to plaintiff from the Teachers and State Employees Retirement System. This credit was misapplied. The Teachers and State Employees Retirement System, not defendant-employer, gets a credit for workers compensation benefits paid to plaintiff. Therefore, defendant-employer must reimburse the Teachers and State Employees Retirement System dollar-for-dollar for all weekly disability payments paid to plaintiff which did not exceed the weekly workers compensation rate due plaintiff. N.C. Gen. Stat.97-42 and 135-105(c).
I also disagree with the majority's decision to reduce the attorneys fee for plaintiffs attorney by the credit allowed to defendant-employer. Plaintiffs attorney should be allowed a 25% attorneys fee on all workers compensation owed to plaintiff, payable as follows: The Teachers and State Employees Retirement Systems reimbursement should be reduced by 25% which shall be paid to plaintiffs attorney as a fee for securing said reimbursement. Twenty-five percent of all workers compensation benefits payable to plaintiff should be deducted and paid to plaintiffs attorney.
For these reasons, I DISSENT from the majority opinion herein.
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
BSB:md